IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                    ) | CRIMINAL NO. 10-00131-CG |
| ) | |
| THOMAS HENRY SANCHEZ            ) | |

**FILED IN OPEN COURT**
**AUG 2 3 2010**
**CHARLES R. DIARD, JR.**
**CLERK**

## PLEA AGREEMENT

The defendant, **THOMAS HENRY SANCHEZ**, represented by his counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1. The defendant understands his rights as follows:

    a. To be represented by an attorney;

    b. To plead not guilty;

    c. To have a trial by an impartial jury;

    d. To confront and cross-examine witnesses and to call witnesses and produce other evidence in his defense; and

    e. To not be compelled to incriminate himself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2. The defendant waives rights b through e, listed above, and pleads guilty to Count One of the indictment, charging a violation of Title 18, United States Code, Section 1461.

3. The defendant understands that the statements he makes under oath in the plea of

Rev. 07/10

guilty must be completely truthful and that he can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.

4. The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.

5. The defendant is not under the influence of alcohol, drugs, or narcotics. He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6. The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge which has been brought against him. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of his offense.

7. The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt. The defendant and his counsel have discussed possible defenses to the charge. The defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney.

8. A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree

that the Factual Resume is true and correct. Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and his counsel are not part of this agreement and are not agreed to by the United States.

9. This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court will impose. The defendant is pleading guilty because he is guilty.

10. The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

## PENALTY

11. The maximum penalty the Court could impose as to Count One of the Indictment is:

   a. 10 years imprisonment;

   b. A fine not to exceed $250,000;

   c. A term of supervised release of 3 years, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    A mandatory special assessment of $100.00; and

    e.    Such restitution as may be ordered by the Court.

## SENTENCING

12. The Court will impose the sentence in this case. The United States Sentencing Guidelines are advisory and do not bind the Court. The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. The defendant understands that at sentencing, the Court may not necessarily sentence the defendant in accordance with the Guidelines. The defendant understands that he will not be allowed to withdraw his guilty plea if the advisory guideline range is higher than expected, or if the Court departs or varies from the advisory guideline range.

13. The defendant understands that this Plea Agreement does not create any right to be sentenced in accordance with the Sentencing Guidelines, or below or within any particular guideline range, and fully understands that determination of the sentencing range or guideline level, or the actual sentence imposed, is solely the discretion of the Court.

14. The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

15. Both the defendant and the United States are free to allocute fully at the time of sentencing.

16. The defendant agrees to tender $100.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

## RESTITUTION

17. Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory. The defendant agrees to make full restitution in an amount to de determined by the Court at sentencing.

## UNITED STATES' OBLIGATIONS

18. The United States will not bring any additional charges against the defendant related to the facts underlying the Indictment and will move to dismiss all remaining counts once sentence is imposed. This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

19. The United States will recommend to the Court that the defendant be sentenced within the advisory sentencing guideline range as determined by the Court.

## LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

20. As part of the bargained-for exchange represented in this plea agreement, and

subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence (including a sentence imposed on revocation of probation or supervised release) in any district court or appellate court proceedings.

    a.    **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

        (1)    any sentence imposed in excess of the statutory maximum;

        (2)    any sentence which constitutes an upward departure or variance from the advisory guideline range.

21.    If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

22.    The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

23.    If the defendant receives a sentence within or below the advisory guideline range, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

## VIOLATION OF AGREEMENT

24.    The defendant understands that if he breaches any provision of this Plea

Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant. In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that he might have under the Sixth Amendment and/or Speedy Trial Act.

25. In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he violates any condition of his release prior to sentencing or prior to serving his sentence after it is imposed.

### ENTIRETY OF AGREEMENT

26. This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY

Date: 8/23/2010

_____
Assistant United States Attorney

I have consulted with my counsel and fully understand all my rights with respect to the offense charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I

voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 08/23/10                               _____
                                                            Defendant

I am the attorney for the defendant. I have fully explained his rights to him with respect to the offense(s) charged in the Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: 08/23/10                               _____
                                                         Defense Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 10-00131-CG |
| | ) |
| THOMAS HENRY SANCHEZ | ) |

## FACTUAL RESUME

The defendant, **THOMAS HENRY SANCHEZ**, admits the allegations of Count One of the Indictment.

## ELEMENTS OF THE OFFENSE

**THOMAS HENRY SANCHEZ** understands that in order to prove a violation of Title 18, United States Code, Section 1461, as charged in Count One of the Indictment, the United States must prove:

> First: That the Defendant knowingly used or caused the mails to be used for the conveyance or delivery of certain material, as charged;
>
> Second: That the Defendant knew at the time of such mailing the general nature of the content of the material so mailed; and
>
> Third: That the material so mailed was "obscene" as defined.[1]

## OFFENSE CONDUCT

Defendant, **THOMAS HENRY SANCHEZ**, admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case. This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for

---

[1] Obscene material is defined by the following three criteria: (1) that the work appeals predominantly to prurient interest; (2) that it depicts or describes sexual conduct in a patently offensive way; and (3) that it lacks serious literary, artistic, political or scientific value.

Rev. 07/10                                     1

SANCHEZ's plea of guilty. The statement of facts does not contain each and every fact known to SANCHEZ and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement.

On November 8, 2009, a man identified as T.B., from Chunchula, Alabama, filed a report with the Mobile County Sheriff's Department regarding harassing phone calls he received from a male subject later identified as **THOMAS HENRY SANCHEZ**.

Detective Givens interviewed T.B. and his wife about the phone calls. The calls scared both T.B. and his wife. The caller, **SANCHEZ**, asked sexually explicit questions about T.B..

On November 16, 2009, T.B. provided Detective Givens with phone records from AT&T Annoyance Call Bureau. The records show multiple phone calls to T.B.'s home phone number from telephone number (251) 457-3353. This is the same number listed as an emergency contact number by **SANCHEZ** with Mobile County Jail. The AT&T documents revealed that the service address for (251) 457-3353 is an address in Mobile where **SANCHEZ** resides with his mother.

Also on November 16, T. B. gave Detective Givens an envelope and contents he received through the US Mail at his home on November 16. The letter was addressed to Mr. T.B. at his home address in Chunchula, and contained a computer printed, color photograph of an erect penis with what appears to be ejaculate coming from it. There is a balloon caption on the picture that reads, "Wanna cum with me Tom?"

On or about December 15, 2009, T.B. received another call from **SANCHEZ** similar to the calls received on November 8. T.B. reported this call to Detective Givens.

Also on December 16, T.B. 'S wife filed a complaint with the United States Postal

Inspection Service regarding the obscene letter received in the mail and harassing phone calls. A letter was sent to T.B.'s wife on the same date acknowledging receipt of her complaint.

On December 17, 2009, Detective Givens and Detective Daniel Webster located **SANCHEZ** and transported him to their office for an interview. Prior to the interview, **SANCHEZ** was advised of his rights regarding self incrimination via Mobile County Sheriff's Department Miranda Warning Form.

**SANCHEZ** admitted to making the phone calls to T.B. He initially denied mailing the letter containing the obscene photograph. When shown a copy of the picture and envelope, **SANCHEZ** admitted mailing it. He said he mailed the letter from Biloxi, MS. **SANCHEZ** claimed the penis in the picture was not his own. The interview was tape recorded. **SANCHEZ** understands and agrees that the photograph he mailed constitutes obscene material, and that at all relevant times he acted knowingly

AGREED TO AND SIGNED.

Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY

Date: 8/23/2010

_____
Assistant United States Attorney

Date: 08/23/10

_____
Defendant

Date: 08/23/10

_____
Attorney for Defendant

Rev. 07/10                                         3